HARRY, HILES v. STATE OF NEBRASKA.

FILED JANUARY 16, 1931. No. 27502.

*F. E. Edgerton* and *A. A. Mann,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *F. L. Bollen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOOD, J.

Plaintiff in error, hereinafter referred to as defendant, was convicted of the larceny of an airplane instrument board and propeller, of the value of $40. He brings the record of his conviction to this court for review.

From the record it appears that defendant undertook to organize an aeronautical school, and associated with him a number of persons who contributed to the purchase of an airplane for the company's use. Apparently, the school did not prosper. Other members, charging that defendant was misapplying the funds of the partnership and was not making the proper use of the airplane, instituted an action for the dissolution of the partnership, sale of the airplane and the distribution of the proceeds among those lawfully entitled thereto. Pursuant to an order of the court, the sheriff, on August 30, 1929, took possession of the airplane, placed a chain, with padlock, around the engine and propeller and left it on the premises of defendant. Pursuant to a subsequent order of the court, notice was given that the airplane would be sold on the 24th of January, 1930. A few days before the time fixed for the sale, it was discovered that the instrument board, or rather the instrument panel which fits into the instrument board, was not in place, and that the propeller then on the plane was missing. Thereupon the defendant was charged with the larceny of these two articles.

It appears that about the first of November defendant and his attorney suggested to the judge of the district court that the airplane was exposed to the weather and deteriorating in value, and asked permission to place it under cover. Oral permission was given to defendant, who then detached the wings and struts and placed the fuselage in a barn under his control.

There is evidence tending to prove that defendant had removed the instrument panel from the airplane prior to the time the sheriff levied thereon, but it also appears without dispute that the instrument panel was later placed under the cowl, back of the engine, in the airplane, and, for aught that appears, it was still there at the time complaint was filed against defendant.

We think it appears from the evidence that the instrument panel was within the fuselage and subject to the control of the sheriff. In any event, there is a total want of evidence to show any intent on the part of defendant to appropriate the panel to his individual use, or to deprive the sheriff of the possession and right to sell the same with the airplane.

The evidence as to value, if competent, indicated that the instrument panel, with the accompanying instruments, was of the value of $140 to $145, and that the value of the propeller was $40 to $50. The fact that the jury found the value of the property, alleged to have been stolen, to be $40 indicates, as suggested by counsel for the state, that the jury considered only that the propeller had been taken.

There are numerous assignments of error, but it will be unnecessary to consider more than three of them.

Several of the instructions of the court are criticised, and particularly No. 4, as assuming certain facts to exist. Instruction No. 4 merely outlined the essential elements of the complaint and informed the jury that they must be convinced from the evidence, beyond a reasonable doubt, of the truth of all of these elements before a conviction could be obtained. The instruction is not subject to the criticism made. We find no error in any of the instructions given.

Complaint is made of the admission of certain testimony as to the value of the property charged to have been stolen, in that the witnesses were not competent to testify as to such value. One witness testified as to the value of the propeller. He had not seen it for several months previous, did not know the condition it was in at the time, and stated that he did not know its value, but he was permitted to testify as to the value of such a propeller if in good condition. There was no competent evidence to show that the propeller was in good condition, and there was some evidence tending to show that it was cracked and imperfect in another respect.

In a prosecution for grand larceny of a second-hand or used airplane propeller, a witness who does not know the condition of the article may not testify as to its value, and it is error to permit him to testify to its value "if in good condition," in the absence of evidence showing such a condition. A sufficient foundation for the witness to testify as to the value of the propeller in question was not laid. Another witness was permitted to testify as to the value of the property, new at the factory. His information as to such value was simply gleaned from reading magazine advertisements. In a prosecution for grand larceny, a witness is incompetent to testify as to the value of the property alleged to have been stolen, unless shown to have knowledge of the property and its value. The witness was not shown to have been competent to testify as to value. His evidence should have been excluded.

Another assignment of error is that the verdict is not sustained by the evidence. No witness testified to having seen the defendant take the propeller from the airplane. The propeller and other parts of the airplane were, early in January, 1930, found by third parties, covered with weeds, by the side of an irrigation ditch on premises not belonging to or under the control of the defendant. No witness testified to having seen the defendant place them there, or to having seen him in the vicinity of that location. There is but a single circumstance which in any way points to the guilt of the defendant. There was evidence that the pro-

peller on the plane at the time it was levied upon was known as a California propeller; that a different propeller, known as a Hartsell propeller, was on the airplane shortly before the time it was advertised for sale, and that this propeller had been in the possession of and belonged to defendant. No witness testified that the defendant ever placed this propeller upon the airplane after it was levied upon, and there is evidence tending to show that this particular propeller had been stored in a building, under the control of the defendant; that there were three doors to this building, only one of which was locked. This fact alone is wholly insufficient to justify a finding that defendant removed the California propeller from the plane and secreted it on some one else's premises. The evidence is wholly insufficient to justify the verdict rendered.

We deem it unnecessary to consider any of the other assignments of error. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.